IN THE UNITED STATES COURT OF
APPEALS FOR THE ELEVENTH CIRCUIT


CASE NO. 23-11143

_____


ANYA WEATHERLY,

Plaintiff-Appellant,

vs.

ABC LEGAL SERVICES, INC., a Washington Corporation,
ABC LEGAL SERVICES, LLC, a Florida Limited Liability Company and
ABC LEGAL SERVICES, LLC, a Washington Limited Liability Company,

Defendants-Appellees

_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____


REPLY BRIEF OF APPELLANT ANYA WEATHERLY
_____


Donald R. McCoy
Florida Bar No. 887862
DONALD R. McCOY, P.A.
111 S.E. 12th Street
Fort Lauderdale, Florida  33316
Telephone:  954-618-6575
Telecopier:  954-618-6577
mccoyesquire@me.com

Attorney for Appellant
Anya Weatherly

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Appellant Anya Weatherly, by and through her undersigned attorney and pursuant to FRAP 26.1 and 11th Cir. R. 26.1-1, submits the following certificate listing all trial judges, attorneys, persons, associations of persons, firms, partnerships and corporations having an interest in the outcome of this case and this appeal:

ABC Legal Services, Inc., a Washington Corporation

ABC Legal Services, LLC, a Florida Limited Liability Company

ABC Legal Services, LLC, a Washington Limited Liability Company

Aquiline Capital Partners

Donahoe, Seth

Gayles, Darrin P., United States District Judge

Hoestenbach, Hunter H.

Kahn, Meera

Lehrer, Ryan H.

Lopez, Paul O.,

McCoy, Donald R.

Otazo-Reyes, Alica M., United States Magistrate Judge

Pincus, Jacob

Tripp Scott, P.A.

Wahba, Jennifer

Waldman, Glenn J.

Weatherly, Anya

## TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . C-1

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

ARGUMENT AND CITATIONS OF AUTHORITY . . . . . . . . . . . . . . . . . . . 1

1.    The "federal notice pleading standards" have not been
abrogated as Appellees claim at Point I, p. 28 of their brief . . . . . . . . . . . 1

2.    Ms. Weatherly's claims of discrimination based
on her Russian national origin are sufficiently related to her
EEOC charge of race discrimination; ABC Legal's
corporate counsel recognized this when he submitted
the company's response to Ms. Weatherly's charge . . . . . . . . . . . . . . . . . 3

3.    Defendants/Appellees have not met their Rule 56 burden
of showing "there is no genuine dispute as to any material fact"
bearing on whether Ms. Weatherly quit or was terminated
by ABC Legal Services, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4.    Ms. Weatherly's deposition testimony - to the extent
it contradicts that of the defense witnesses - is competent
evidence and sufficient to show genuine disputes
as to material facts and preclude summary judgment. . . . . . . . . . . . . . . 11

5.    The Court should disregard ABC Legal's efforts to resurrect
on appeal two issues which were decided by the district court
and as to which no cross-appeal was taken.

A.    The district court's ruling that all named defendants were the "movants" for summary judgment is not before this Court . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . .15

B.    There was no cross-appeal of the district court's denial of Appellees' motion for sanctions. . . . . . . . . . . . . . . . .. . . . . . . . . . . .17

CONCLUSION  . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . .19

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . .20

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . .  21

# TABLE OF CITATIONS

**Cases:** **Page**

*Allen v. Tyson Foods,*
   121 F.3d 642, 647 (11th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) . . . . . . . . . . . . . . . . .1, 2

*Burlington N. & Santa Fe Ry. v. White,*
   548 U.S. 53, 67, 126 S. Ct. 2405, 2414 (2006) . . . . . . . . . . . . . . . . . . . .8

*Conley v. Gibson*,
   355 U.S. 41, 47, 78 S. Ct. 99, 103,
   2 L. Ed. 2d 80 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co.,*
   453 F. App'x 439, 443 (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Davis v. Coca-Cola Bottling Co. Consolidated,*
   516 F.3d 955, 974, (11th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Fields v. Eli Lilly & Co.*,
   116 F. Supp. 3d 1295, 1301 (M.D. Ala. 2015) . . . . . . . . . . . . . . . . . . . . 12

*Luczak v. Nat'l Bev. Corp.*,
   812 F. App'x 915, 919-20 (11th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . 2

*Little v. United Technologies, Carrier Transicold Division,*
   103 F.3d 956, 959 (11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

*Minch v. City of Chicago*
   486 F.3d 294 (7th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..6

iii

*Mize v. Jefferson City Bd. of Education,*
    93 F.3d 739, 742 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Payne v. Pauley,*
    337 F.3d 767, 773 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Price v. Time, Inc.,*
    416 F.3d 1327, 1345 (11th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . .12

*Santiago-Ramos v. Centennial P.R. Wireless Corp.,*
    217 F.3d 46, 53 (1st Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

*Shotz v. City of Plantation, Fla.,*
    344 F.3d 1161, 1164 (11th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Swierkiewicz v. Sorema N.A.,*
    534 U.S. 506, 508, 122 S. Ct. 992, 995 (2002) . . . . . . . . . . . . . . . . . . . .1

*Thomas v. Dillard Department Stores,*
    116 F.3d 1432, 1437 (11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . 5, 6, 8, 9

*Waite v. Board of Trustees of the University of Alabama,*
    2018 U.S. Dist. LEXIS 187933; 2018 WL 5776265
    (N.D. Ala. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 7

*Wu v. Thomas,*
    863 F.2d 1543, 1547 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

## Rules:

Rule 8(a)(2), Fed. R. Civ. P . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 9(b), Fed. R. Civ. P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 56, Fed. R. Civ. P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

iv

## ARGUMENT AND CITATIONS OF AUTHORITY

**1.      The "federal notice pleading standards" have not been abrogated as Appellees claim at Point I, p. 28 of their brief**

Plaintiff/Appellant's showed in her initial brief that the district court committed harmful error when it dismissed Counts IV and VIII of Ms. Weatherly's second amended complaint. These counts alleged that she was subjected to unwelcome harassment and a hostile work environment because of her race, her national origin and her opposition to certain unlawful practices. Appendix, Volume I at D.E. 49, p. 18 -20, 24-25.

Those allegations coupled with the detailed "facts common to all counts" (Appendix, Volume I at D.E. 49, ¶¶14 - 55) were more than sufficient "to raise a right to relief above the speculative level," the pleading standard the Court applied in *Davis v. Coca-Cola Bottling Co. Consolidated,* 516 F.3d 955, 974, (11th Cir. 2008).[1]

Plaintiff/Appellant has not abandoned her arguments to that effect as submitted to the district court and reiterated to this Court in her initial brief.

---

[1] In explaining this standard the Court cited *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed.2d 80 (1957)) and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), all of which refer to the "fair notice" pleading standard.

After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly* the point of the pleading standards under Rule 8(a)(2), Fed. R. Civ. P., remained as before: to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis,* supra, 516 F.3d 955, 974. The Court's opinion attributes the quote to the Supreme Court in *Bell Atlantic Corp. v. Twombly* quoting, in turn, from its earlier ruling in *Conley v. Gibson.*

As recently as 2020 this Court noted in a *per curium* opinion that the same "federal notice pleading standards" still are viable and are not abrogated, even by the particularity requirements of Rule 9(b), Fed. R. Civ. P. for complaints alleging fraud or mistake. *Luczak v. Nat'l Bev. Corp.*, 812 F. App'x 915, 919-20 (11th Cir. 2020).

For the reasons stated in Appellant's initial brief the Court should reverse the ruling of the district court that Ms. Weatherly's hostile environment claims are based on factual allegations which are overly "conclusory."

2

**2.    Ms. Weatherly's claims of discrimination based on her Russian national origin are sufficiently related to her EEOC charge of race discrimination; ABC Legal's corporate counsel recognized this when he submitted the company's response to Ms. Weatherly's charge**

As explained in our initial brief the district court disregarded principles which have been firmly established by this Court and others when it held that Ms. Weatherly's allegations of national origin were not within the scope of her EEOC charge of discrimination.

This Court has consistently held otherwise, recognizing in *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989), for example that "[a]s long as allegations the judicial complaint and proof are "reasonably related" to charges in the administrative filing and "no material differences" between them exist, the court will entertain them."

Conspicuously absent from ABC Legal's argument that Ms. Weatherly's claims of race and national origin discrimination are not "reasonably related" is any explanation as to why the company's corporate counsel responded to her EEOC charge by submitting his detailed findings regarding "Discrimination based on race/national origin." Appendix, Volume V at D.E. 85-6, p. 319.

**3.    Defendants/Appellees have not met their Rule 56 burden of showing "there is no genuine dispute as to any material fact" bearing on whether Ms. Weatherly quit or was terminated by ABC Legal Services, Inc.**

Ms. Weatherly's initial brief explained that the district court erred in determining - apparently as a matter of law - that under the circumstances indicated in her "medical leave" email "a reasonable person in ABC Legal Services, LLC's position would have understood that Plaintiff voluntarily resigned." Appendix, Volume VII at D.E. 131, p. 17.

The district court itself noted that the parties disputed the material facts in several respects.  Importantly, the district court explained that the evidence is in conflict regarding whether Ms. Weatherly spoke to Mr. Melo about her surgery and said that she would be able to return to work within a few days.[2]  D.E. 131, p. 7.   Ms. Mirkovich confirmed in her testimony that this is what Ms. Weatherly said to her when she called upon learning from the benefits administrator that the company had terminated her employment.  In an email Ms. Mirkovich said Ms. Weatherly told her "she'd spoken with Carlos a few times about her situation, and that after her

---

[2] Ms. Weatherly testified that she told him this before leaving work on November 1 but that within a few days her insurance company withdrew its approval of the surgery.  Appendix, Volume VI at D.E. 97-1, p. 110,  l. 8-22; p. 111, l. 17-22.

surgery she would be able to return within a few days.  Anna thought my email was approval of her leave . . ."  Appendix, Volume 5 at D.E. 85-6, p. 221.

Mr. Melo denied that Ms. Weatherly ever spoke to him about her surgery.  Thus, there is a genuine dispute as to a factual matter which is quite material to Melo's credibility in telling Ms. Mirkovich and the HR director Jenny Davis on November 2, 2017 that Ms. Weatherly "quit yesterday afternoon."  Appendix, Volume V at D.E. 85-6, p. 225.

There are genuine disputes as to other material facts, as well, which bear on the question of whether Ms. Weatherly quit her job or was terminated.  The district court erred in granting summary judgment on the issue because it failed to follow this Court's guidance in *Thomas v. Dillard Dep't Stores,* 116 F.3d 1432, 1434 (11th Cir. 1997).  There, the Court held that "the question of whether [the plaintiff] was actually terminated should have been submitted to the jury" because "reasonable minds might differ as to whether [the plaintiff] was actually discharged in this case." *Thomas, supra*, 116 F.3d 1432, 1432 - 1436 (11th Cir. 1997).  The same is true as to Ms. Weatherly's case.

"[T]he inquiry as to whether actual termination has occurred involves analysis of the employer's intent," and "is determined in light of the

particular circumstances of the controverted job action." "[T]he realities of the employee's situation, as well as the employer's label for its job action, should be taken into account." *Id.*

Defendants/Appellees' reliance on the decision cited by the district court, *Waite v. Board of Trustees of the University of Alabama,* is misplaced. The facts of that case are fundamentally distinguishable from the circumstances under which the ABC Legal Services, Inc. terminated Ms. Weatherly.'s employment.[3]

The university officials never gave the plaintiff any reason to believe she had been terminated. They allowed her to take an extended leave for the birth of her child. They then encouraged her several times to decide when she wanted to resume her studies and return to her paid position as a graduate trainee.

In their last communications, after Ms. Waite did not return for the fall semester, a university official told Ms. Waite that she needed to register for the spring semester and could then return to her lab work in January.

---

[3] Likewise, the reasoning of the Seventh Circuit in *Minch v. City of Chicago* sheds no light on the case at hand. The court held in *Minch* that the mandatory retirement of firefighters under the city ordinance did not fall under the "discharge for cause" provision of the firefighters' collective bargaining agreement. Accordingly their involuntary retirement without a hearing did not deprive the plaintiffs of due process.

*Waite*, supra, 2018 U.S. Dist. LEXIS 187933, *32. She did neither and, instead, filed a charge of pregnancy discrimination with the EEOC.

Under these circumstances the Alabama district court held that the university had not terminated the plaintiff from her graduate trainee position. "Rather, the evidence establishes as a matter of law that the separation of Plaintiff from her position at UAB, both as a student and as a Graduate Trainee, resulted from Plaintiff's own voluntary decision to resign or otherwise quit." *Waite*, supra, 2018 U.S. Dist. LEXIS 187933, *28.

There was no evidence before the district court in this case that Ms. Weatherly made a "voluntary decision" to quit. In fact, the relevant evidence shows that she did not do so and was surprised to learn about her separation from the company. Immediately upon learning from the benefits administrator that the company had terminated her employment she made it clear to Ms. Mirkovich that she thought she had taken medical leave as Ms. Mirkovich had told her she could, two days earlier on October 30.

Ms. Mirkovich then told the other decision makers, Mr. Melo and Ms. Davis, "there was miscommunication by all involved." D.E. 85-6, p. 52, l. 16 - 24. She testified that no one contacted Ms. Weatherly to try to clear up the confusion. Appendix, Volume V at D.E. 85-6, p. 56, l. 22 - 57, l. 3.

7

Nor is there evidence beyond the text of her "medical leave" email that she communicated any "voluntary decision" to quit her job either to Carlos Melo or to Ms. Mirkovich.

Instead Ms. Mirkovich and Ms. Davis decided that they would not discuss Ms. Weatherly's employment any longer and would go instead with Melo's false statement that she quit on November 1. By then, the decision makers - Melo, Ms. Mirkovich and the HR director Jenny Davis - were informed that Ms. Weatherly never intended to resign; that she was surprised to learn that the company had terminated her employment.

They decided, however, that Ms. Weatherly would remain terminated and the company's records would falsely characterize her separation as voluntary. This decision itself constitutes unlawful retaliation; as noted in our initial brief the Supreme Court held in *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57, 126 S. Ct. 2405, 2409 (2006) that the anti-retaliation provision "does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace."

In order to determine whether an actual termination has taken place "The proper legal standard requires analysis of the employer's intent, which may be inferred not only from words but also from conduct . . ." *Thomas v. Dillard Department Stores*, 116 F.3d 1432, 1437 (11th Cir. 1997). A

8

termination occurs when an employer "by acts or words, shows a clear intention to dispense with the services of an employee." *Thomas, supra,*116 F.3d 1432, 1434.  Summary judgment on this issue was not appropriate because, under the circumstances, reasonable jurors in the exercise of impartial judgment might reach different conclusions.  *Thomas,* supra*,* 116 F.3d 1432, 1437.

Under Rule 56, Fed. R. Civ. P. a disputed issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Mize v. Jefferson City Bd. of Education,* 93 F.3d 739, 742 (11th Cir. 1996).  A fact is "material" if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997).

Where there is a conflict between the parties' allegations or evidence, as there is in Ms. Weatherly's case, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor.  *Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1164 (11th Cir. 2003).

Ms. Weatherly's inquiry to Ms. Mirkovich on October 30, 2017, was most specific.  Her email was entitled "Medical leave question." She told Ms. Mirkovich "I have an unplanned surgery scheduled for some time

9

soon . . ." and asked her "If I go for the surgery, will I be able to keep the job?"   Ms. Mirkovich's email response was prompt and to the point: "Depending on the length of your absence and the needs of the company, your position may be held until you return."  Appendix, Volume V at D.E. 85-6, p. 211-212.

While she did suggest that Ms. Weatherly should contact her when she had more information Ms. Mirkovich did not mention any forms that needed to be submitted or approvals to be obtained.  The next day Ms. Weatherly sent Ms. Mirkovich more details regarding her condition and explaining that it could be attributed to dust coming into her office from a construction site next door.  Appendix, Volume V at D.E. 85-6, p. 211.

When she then sent her "medical leave" email to Mr. Melo and Ms. Mirkovich on November 1 - stating that "due to health issues I have to take a break from work" - reasonable minds might differ as to whether her intention was to take medical leave for the surgery she described in her emails or to quit her job.

It is important to note that the last entry on Ms. Weatherly's time card report, Appendix, Volume V at D.E. 85-6, p. 309, shows that she worked a full day on November 1, clocking in in the morning and clocking out at 6:01 p.m.  She sent her "medical leave" email to Mr. Melo at 3:00

p.m. that day, leaving ample time for him to speak to Ms. Weatherly before informing Ms. Mirkovich and Ms. Davis that she quit.

The Court should further note that the provision of ABC Legal's employee handbook regarding failure to report to work is not applicable to Ms. Weatherly's situation.  The handbook says that "if an employee fails to report to work for three consecutive business days without notifying his or her manager, the Company will consider the employee to have voluntarily resigned."  Appendix, Volume 5 at D.E. 85-6, p. 131.

As mentioned above, Ms. Weatherly was present for a full day on November 1, 2017, when she sent her "medical leave" email.   The third business day after that fell on Monday, November 6.  Well before that, on November 2, Mr. Melo already had declared that she had quit.  Moreover, she was not absent "without notifying her manager."  That was the purpose of her November 1 "medical leave" email.

**4.     Ms. Weatherly's deposition testimony - to the extent it contradicts that of the defense witnesses - is competent evidence and sufficient to show genuine disputes as to material facts and preclude summary judgment.**

Ms. Weatherly's deposition testimony should not be discounted - much less, disregarded as ABC Legal contends - because it is "self-serving."

The Eleventh Circuit has recognized that "[c]ourts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving." *Price v. Time, Inc.*, 416 F.3d 1327, 1345 (11th Cir. 2005); *Fields v. Eli Lilly & Co.*, 116 F. Supp. 3d 1295, 1301 (M.D. Ala. 2015).

This is so in other judicial circuits, as well. See *Payne v. Pauley,* 337 F.3d 767, 773 (7th Cir. 2003): "Provided that the evidence meets the usual requirements for evidence presented on summary judgment—including the requirements that it be based on personal knowledge and that it set forth specific facts showing that there is a genuine issue for trial—a self-serving affidavit is an acceptable method for a non-moving party to present evidence of disputed material facts." *Santiago-Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 53 (1st Cir. 2000): "[A] 'party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment."

As the Fifth Circuit has aptly noted "If all "self-serving" testimony were excluded from trials, they would be short indeed." *C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co.,* 453 F. App'x 439, 443 (5th Cir. 2011)."

ABC Legal also claims that Ms. Weatherly's testimony is "uncorroborated." This simply is not so. Much of her deposition testimony

involves her contacts and communications with Betty Mirkovich, both before and after she left work on November 1.    The emails and Ms. Weatherly's testimony regarding the matters they discussed is fully consistent with the testimony of Ms. .Mirkovich.

Nadya Onishchenko also confirmed Ms. Weatherly's testimony that she called Ms. Onishchenko on at least two occasions.    "She called me to complain and share the information that was distributed about me within that office and that she felt like they didn't like her."  Appendix, Volume III at D.E. 85-4, l. 9 - 12.

ABC Legal's argument that Ms. Weatherly's testimony is "uncorroborated" is based in large part on the fact that the company's employee handbook calls for an investigation of an employee's complaints of discrimination and harassment.    As the record stands there is no evidence that any such investigation occurred.  If true, it could be explained by the fact that she made a detailed complaint to the HR director, Jenny Davis, by telephone in mid-October, 2017, and Ms. Davis left the company for another job the following month, Appendix, Volume III at D.E. 85-5, p. 11, without ever getting back to Ms. Weatherly.

Certainly, the company's failure to follow the procedures in its handbook is not evidence that Ms. Weatherly did not make the complaints she described in her deposition testimony.

Additionally, as noted in Ms. Weatherly's initial brief, her detailed charge of discrimination was served on ABC Legal in 2018. It named each of the company's witnesses and described their roles in the alleged discrimination. All of them - Mr. Melo, Ms. Robinson, Ms. Onishchenko, Ms. Mirkovich and Ms. Davis - testified that no one from the company told them about her complaint or asked about her allegations - until shortly before their depositions were taken in 2022. For example, Ms. Davis had never seen Ms. Weatherly's charge of discrimination or been asked about it prior to her deposition, even though she is mentioned by name as the person to whom Ms. Weatherly made her detailed complaints of discrimination. Appendix, Volume III at D.E. 85-5, p. 19 -21.

Understandably, there were a number of things about which Ms. Weatherly testified which these witnesses were unable to recall. Ms. Davis, for example, testified that she did not recall that she had any interaction with Ms. Weatherly. Neither did she remember that she communicated with Carlos Melo about Ms. Weatherly, D.E. 85-5, p. 17-18, until she was shown several items of email correspondence with him including an email

where she asked Mr. Melo "why does Anna think she is still employed with ABC?" Appendix, Volume V at D.E. 85-6, p. 223.

**5.  The Court should disregard ABC Legal's efforts to resurrect on appeal two issues which were decided by the district court and as to which no cross-appeal was taken.**

**A.  The district court's ruling that all named defendants were the "movants" for summary judgment is not before this Court.**

The first of these issues involves which entities are proper parties to the case. The parties agree that the company that employed Ms. Weatherly and which terminated her employment was a corporation, ABC Legal Services, Inc. This entity was incorporated in the state of Washington. At the time Ms. Weatherly was employed and through 2019 it was registered with, and authorized by, Florida's Secretary of State to do business in Florida.

In June, 2019, ABC Legal Services, Inc. filed articles of conversion in Washington state and converted itself to a limited liability company, ABC Legal Services LLC. On November 1, 2019, ABC Legal Services, Inc. also filed articles of conversion and articles of organization in Florida creating a Florida limited liability company, also named ABC Legal Services LLC.

15

Ms. Weatherly's first amended complaint [D.E.26] named all three entities as Defendants and alleged that both the Washington limited liability company and its Florida counterpart were successors in interest to her employer, ABC Legal Services, Inc.

Defendants repeatedly changed the style of the case to name a non-existent entity, ABC Legal, Inc. as the only defendant.  See e.g. Appendix, Volume 5 at D.E. 86.  Defendants/Appellees likewise refer in their CIP to this non-existent entity, ABC Legal, Inc.

The motion for summary judgment which the district court ultimately granted purports to have been filed by ABC Legal Services, Inc., D.E. 86, p. 1.  Noting this, the district court ordered the Defendants to clarify whether the motion was filed on behalf of all Defendants.

Defendants' responded, contending that only the Washington limited liability company, ABC Legal Services LLC, was the correct Defendant.  The district court noted this in its order granting summary judgment, Appendix Volume VII at D.E. 131, Footnote 1, but held that "all named Defendants are considered movants here."

There was no cross-appeal taken by Appellees.  Thus, the issue is not before this Court.  Nonetheless the Appellee(s) argue in their Certificate of Interested Persons and Corporate Disclosure Statement that ABC Legal

16

Services LLC (Washington) is the same entity as ABC Legal Services, Inc. (Washington), and is the only entity that previously employed Plaintiff/ Appellant." Brief at C-1.

Appellee(s) further argue at C-2 that "ABC Legal Services LLC (Florida) has no interest in the outcome of this appeal."

Appellant disagrees. As there was no cross-appeal regarding the district court's contrary ruling, however, there is no necessity for further argument on the issue or for this Court to address it.

**B.** **There was no cross-appeal of the district court's denial of Appellees' motion for sanctions.**

ABC Legal did not appeal the district court's denial of their motion seeking sanctions against Ms. Weatherly's undersigned attorney. Accordingly this issue is not before this Court or within the scope of this appeal. Appellees, however, devote much of their brief to it, warranting a short response.

In support of her opposition to ABC Legal's motion for summary judgment Ms. Weatherly submitted an affidavit from Leonard Gartman, one of the process servers she believed was subjected to discrimination by Konya Robinson.

Ms. Weatherly testified that she complained to Nadya Onishchenko and then to Jenny Davis that she heard Ms. Robinson tell Mr. Gartman and another white male process server there was no work for them and then, after they left the office, assign documents to be served to a newly hired process server, a black female. She testified that Ms. Robinson told her that she had used this technique to get rid of another process server.

Immediately after she reported this to Nadya Onishchenko the assignment of work to the process servers was taken away from Ms. Robinson. The company began sending work assignments to them directly from the Seattle office. Ms. Weatherly observed that this infuriated Mr. Melo who said loudly that there must be a "snitch" in the office. It was apparent to Ms Weatherly - the only other person there besides Ms. Robinson - that Mr. Melo was referring to her.

Counsel for ABC Legal demanded to depose Mr. Gartman about his affidavit even though the discovery period had ended months earlier. Counsel for Ms. Weatherly did not object. Mr. Gartman's deposition testimony indicated that he lacked first-hand knowledge of certain matters stated in his affidavit. Accordingly, the undersigned counsel for Ms. Weatherly withdrew the affidavit, notifying the district court that it should be disregarded.

Counsel for ABC Legal nonetheless moved to impose sanctions on the undersigned for submitting the affidavit in the first place. The district court denied the motion and the parties moved on with the case.

Appellees did not cross-appeal the district court's decision not to sanction Ms. Weatherly's attorney. Respectfully, the submission and withdrawal of an affidavit on behalf of the Plaintiff has nothing to do with the issues before this Court.[4]

Despite having not appealed the district court's ruling, Appellees filed a supplemental appendix which includes their motion to sanction the undersigned. They cite their motion and reiterate the grounds for it in their brief at p. 12-13, Footnote 2.

The Court should disregard this issue and draw no inference from it, either regarding the merits of the appeal or the conduct of Ms. Weatherly's attorney.

## CONCLUSION

The Court should reverse the district court's order granting the motion for summary judgment and remand this matter for trial.

---

[4] Under Title VII's "opposition clause" a plaintiff need not prove that the conduct she opposed was actually unlawful. *Little v. United Technologies, Carrier Transicold Division,* 103 F.3d 956, 960 (11th Cir. 1997). She is protected against reprisals if she believed in good faith that her employer was engaged in unlawful employment practices and her belief was objectively reasonable in light of the facts.

Respectfully submitted on December 11, 2023.

DONALD R. McCOY, P. A.
111 S.E. 12th Street
Fort Lauderdale, Florida 33316
Telephone: (954) 618-6575
Facsimile: (954) 618-6577
mccoyesquire@me.com

By_____/s/_____
        Donald R. McCoy
        Florida Bar No. 887862

Attorney for Plaintiff/Appellant


## Certificate of Compliance With Type-Volume Limit, Typeface <u>Requirements, and Type-Style Requirements</u>

1.      This document complies with the type-volume limit of Fed. R. App. P. 32 because, except for excluded sections, this document contains 4, 317 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a) (6) because this document has been prepared in a proportionally spaced typeface using Apple Pages in Georgia 14 point font.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 11, 2023, a true and correct copy of the foregoing was furnished to all parties listed on the Service List, below, by filing this document via the Court's CM/ECF System.


Donald R. McCoy

<u>SERVICE LIST</u>:

Tripp Scott, P.A.
110 SE 6th Street, 15th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-7500
Telefax: (954) 761-8475

SETH J. DONAHOE, ESQ.
eservice@trippscott.com (primary)
sjd@trippscott.com (secondary)
sgc@trippscott.com (secondary

JENNIFER WAHBA, ESQ.
jmh@trippscott.com